UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
KELVIN J. SANDERS,                 )
                                   )
            Petitioner,            )
                                   )
      v.                           )     Civil Action No. 10-1999 (BAH)
                                   )
F.J. CARAWAY,                      )
                                   )
                                   )
            Respondent.            )
_____)

**MEMORANDUM OPINION**

In this *habeas corpus* action brought *pro se*, the Petitioner seeks issuance of the writ under 28 U.S.C. § 2241 or § 2254 "to vacate the July 2, 2009, JUDGMENT of the District of Columbia Court of Appeals in *Sanders v. United States*, No. 05-CO-1580 . . . ." Pet., ECF No. 1, at 1 (capitalization in original). Because this Court is not a reviewing court, it cannot grant such relief. Rather, as discussed below, this Court's habeas jurisdiction over convictions entered by the Superior Court of the District of Columbia and reviewable by the D.C. Court of Appeals is limited to certain claims analyzed under 28 U.S.C. § 2254. The Respondent, through counsel, has filed an opposition to the instant habeas petition, and the Petitioner has filed a reply. Upon consideration of the parties' submissions, the Court finds no basis for issuing the writ and, therefore, will deny the petition and dismiss this case.

**I. BACKGROUND**

The Petitioner is currently confined at the Federal Correctional Institution in Cumberland, Maryland, serving a Superior Court sentence of 61 years to life imprisonment for his 1994

convictions "on nineteen counts stemming from the violent robbery of a jewelry store" following a jury trial. *Saunders v. U.S.*, 975 A.2d 165, 166 (D.C. 2009).[1] As recounted by the D.C. Court of Appeals in the Petitioner's direct appeal:

> The government presented evidence showing that on the evening of September 27, 1993, Messrs. Sanders, Brooks, Robinson, and Donald Fletcher robbed the KNT jewelry store, located at 7608 Georgia Avenue, in the Northwest quadrant of the District of Columbia, and its occupants. Mr. Robinson remained outside while the other men entered the store which was then occupied by the owner, Ms. Kim Thi Nguyen, her husband Mr. Chanh Ngo, and their daughter-in-law, Ms. Thuy Nguyen. One of the women opened the security door for the three men, believing they were customers. The events that subsequently took place were recorded by the store's video monitoring system.
> Following the admission of the three men into the store, the men asked to see some of the jewelry, including wedding rings. As Ms. T. Nguyen revealed the price of a ring, Mr. Ngo entered the display area. Mr. Brooks pointed a gun at him and pushed him to the ground. He then knocked Mr. Ngo unconscious by striking him with the gun. Another man grabbed Ms. K. Nguyen and shoved her to Mr. Brooks, who struck her with the gun, also knocking her unconscious. Ms. T. Nguyen maneuvered to help her family, and Mr. Brooks kicked her.
> Mr. Fletcher jumped behind the counter, broke the display cases and removed the jewelry. As the men attempted to leave, Mr. Fletcher noticed Mr. Ngo crawling forward. Mr. Brooks shot him three times, and then hit the glass door with gunfire, allowing the men to flee.
> The following week, all four men were arrested based upon evidence derived from the investigation of the store robbery. The police discovered Messrs. Sanders' and Brooks' palm prints at the store. Mr. Ngo identified a watch found at Mr. Brooks' girlfriend's apartment as one stolen from the store. Several lay witnesses identified the appellants from the store's surveillance videotape. In addition, Ms. Judy Gross testified that she saw the appellants divide up the stolen jewelry in her apartment.

*Sanders v. U.S.*, 809 A.2d 584, 588-89 (D.C. 2002) (footnotes omitted). The court affirmed the Petitioner's convictions but remanded the case to the trial court for "resentencing to correct certain

---

[1] The appellate court noted that the Petitioner "was referred to as 'Sanders' in previous proceedings, but he uses the name 'Saunders' in his brief. We therefore refer to him as 'Saunders' in this opinion." *Id.*, n.1. Hereafter, this Court will use "Sanders" when citing to both of Petitioner's D.C. cases.

2

sentence enhancements [for prior convictions] which had been improperly imposed under D.C Code § 23-111." *Sanders*, 975 A.2d at 166; *see also Sander*s, 809 A.2d at 600-02 (discussing "The § 23-111 Issue"). On remand, the enhancement issue was rendered moot by the government's decision not to seek enhancements, but the Petitioner had also filed a motion to reduce his sentence under Rule 35(b) of the Superior Court Criminal Rules, which was granted. *Sanders*, 975 A.2d at 166-67.

The Superior Court reduced the Petitioner's initial prison sentence of 117 years to life to 61 years to life, a decision the D.C. Court of Appeals affirmed. *Id*. at 167. In affirming the resentencing decision, the court reasoned that "[b]ecause appellant has not shown that his new sentence is based on materially false or misleading evidence, no due process concerns arise . . . ." *Id*. at 168. The appellate court issued its mandate on July 27, 2009, and the Petitioner moved to recall the mandate on November 24, 2009. Pet. at 4. The Petitioner's motion was denied on December 10, 2009, and he filed this habeas action on November 22, 2010.

## II.  DISCUSSION

Unlike prisoners convicted in state courts or those convicted in a United States district court, "a District of Columbia prisoner has no recourse to a federal judicial forum unless [he shows that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson*, 119 F.3d 34, 37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not."). It is established that challenges to a Superior Court judgment of conviction must be pursued in that court under D.C. Code § 23-110. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998).

3

Under § 23-110, a District of Columbia prisoner may move to vacate, set aside, or correct his sentence on grounds, among others, that "(1) the sentence was imposed in violation of the Constitution . . . [and] (2) the court was without jurisdiction to impose the sentence[.]" D.C. Code § 23-110(a). The statute further provides that

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). "Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009). Because § 23-110 does not provide a remedy for claims of ineffective assistance of appellate counsel, this Court may review a "federal habeas petition asserting ineffective assistance of appellate counsel after [the petitioner has] moved to recall the mandate in the D.C. Court of Appeals." *Id*. at 999. Since the Petitioner moved to recall the mandate affirming the Superior Court's resentencing order, this Court will address his claim that "Petitioner Was Denied The Effective Assistance of Counsel On Appeal From Trial Court's Re-Sentencing Proceeding After Remand." Pet. at 4.

The Performance Standard

The Sixth Amendment guarantees the right of competent counsel for the criminally accused. Both appellate and trial counsel are held to the same performance standards. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Absent an actual conflict or a presumed *per se* violation due to counsel's failure "entirely . . . to subject the prosecution's case to meaningful adversarial testing," *Bell v. Cone*, 535 U.S. 685, 697 (2002) (quoting *U.S. v. Cronic*, 466 U.S. 648, 659

4

(1984)), the Petitioner may prevail on an ineffective assistance claim by showing that counsel's representation fell below an objective standard of reasonableness and demonstrating that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.[2] *United States v. Hughes*, 514 F.3d 15, 17 (D.C. Cir. 2008) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88. 694 (1984)) (internal quotation marks omitted); *see Premo v. Moore*, --- U.S. ---, 131 S.Ct. 733, 738 (2011) (*Strickland* "provides the standard for inadequate assistance of counsel under the Sixth Amendment."). When the performance of appellate counsel is challenged, the Petitioner has the burden of showing first "that his counsel was objectively unreasonable . . . in failing to find arguable issues to appeal . . . [i]f he succeeds in such a showing, he then has the burden of demonstrating prejudice." *Smith*, 528 U.S. at 285. "[T]he performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. The Petitioner's "[f]ailure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700.

A court's evaluation of an attorney's performance "must be highly deferential," *id*. at 689, and courts "must indulge a strong presumption that an attorney's conduct fell within the wide range of reasonable professional assistance." *United States v. Toms*, 396 F.3d 427, 432 (D.C. Cir. 2005) (quoting *Strickland*, 466 U.S. at 689). This is so because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all

---

[2] When an actual conflict is at issue, "a defendant avoids the more stringent two-part test for ineffective assistance set forth in *Strickland* . . . ." *U.S. v. Gantt*, 140 F.3d 249, 254 (D.C. Cir. 1998). Here, the Petitioner has not alleged an actual conflict, which typically arises when defense counsel "is 'required to make a choice advancing [another client's] interests to the detriment of his client's interest.' " *Id*. (quoting *United States v. Bruce*, 89 F.3d 886, 893 (D.C. Cir. 1996)) (other citation omitted) (alteration in original).

too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689.

Analysis

The Petitioner argues that his appellate counsel was ineffective for (1) failing to review the resentencing record, Pet. at 7-8; (2) filing a brief that "raised a single frivolous issue," *id*. at 8-9; (3) failing "to challenge [the] imposition of consecutive sentences for armed robbery and armed burglary on appeal," *id*. at 13; and (4) failing to reargue the sufficiency of the evidence supporting his conviction of armed robbery of Thuy Nguyen and Ganh Ngo, *id*. at 13-15. The Petitioner asserts that but for those alleged acts and omissions, the outcome of his second appeal would have been different. Pet. at 15.

Petitioner agrees with the Respondent that *Strickland* is the applicable standard. Pet'r's Opp'n to Reply to Pet'r's Pet. for Writ of Habeas Corpus ("Pet'r's Opp'n"), ECF No.16, at 1. The Petitioner's claim predicated on appellate counsel's omissions fails on the first prong of *Strickland's* standard. As an initial matter, the Petitioner's unsubstantiated claim that appellate counsel failed to review the resentencing record is belied by counsel's citations to that record in the appellate brief filed on the Petitioner's behalf. *See* Gov't's Ex. 1, ECF No. 12-1, (Brief For Appellant at 6-8).

As for the remaining alleged failures of counsel, the D.C. Court of Appeals remanded the Petitioner's case for the limited purpose of correcting the improperly imposed enhancements to his sentence. Thus, appellate counsel's failure to "reargue" the sufficiency of the evidence supporting Petitioner's upheld convictions and to challenge the imposition of consecutive sentences for armed robbery and armed burglary was not objectively unreasonable because such arguments would have been outside the scope of the remand to Superior Court, and "[u]nder the

6

mandate rule, 'an inferior court has no power or authority to deviate from the mandate issued by an appellate court.'" *Independent Petroleum Ass'n of America v. Babbitt*, 235 F.3d 588, 596-97 (D.C. Cir. 2001) (quoting *Briggs v. Pennsylvania R.R. Co.*, 334 U.S. 304, 306 (1948)). Furthermore, because the D.C. Court of Appeals in the first appeal regarded "the charges relating to the burglary, the robbery, and the shooting . . . generally as separate offenses, not the same offense," *Sanders*, 809 A.2d at 606, and resolved "[t]he merger issues," *id*. at 602-04, appellate counsel had no reasonable basis to reassert a challenge to the consecutive sentences imposed for those convictions. *See id*. at 604 (reasoning that "appellants reached a 'fork in the road' between their decision to commit burglary while armed (count 3) and armed robbery (count 7)," thereby committing separate, multiple acts).

Plaintiff's claim based on counsel's alleged presentation of "a single frivolous issue" fares no better. In her brief, counsel presented the following argument:

> The defendant's resentencing did not satisfy the defendant's right to a carefully reasoned sentence when the sentence was based on others' interpretive reports of what happened and not on the official transcript or on first-hand hearing of the trial matter, where the sentence omits some charges and then on amendment omits others, and where the sentence is unexplained by the resentencing judge providing no explanations as to the decision-making process supporting the sentence or guidelines for the purposes of the sentence.

Brief at 10. The D.C. Court of Appeals summarized the argument as follows: "[A]ppellant contends that the new sentence is unreasonable because it does not comport with the sentencing goals set forth in statutes related to the U.S.S.G. [United States Sentencing Guidelines] and was not based on the official court transcript." *Sanders*, 975 A.2d at 167. The court then found the Petitioner's reliance on interpretations of federal law and the "federal sentencing scheme" and his argument of unreasonableness "misplaced" because "the U.S.S.G. and related statutes do not

7

apply [to D.C. sentences][;] [thus,] this court does not entertain challenges asserting that a particular sentence is 'unreasonable.'" *Id*.

Nevertheless, the D.C. Court of Appeals proceeded to review the Petitioner's challenge to the Superior Court's "ruling on [the Petitioner's] Rule 35 motion only for abuse of discretion" and concluded that it was "satisfied that the trial court did not abuse its discretion when resentencing appellant." *Sanders*, 975 A.2d at 167. The court reasoned that absent a constitutional violation "sentences within statutory limits are unreviewable." *Id*. (citation and internal quotation marks omitted). It explained that "[d]ue process may be implicated if the sentencing judge relies on 'mistaken information or baseless assumptions,' but a judge has 'wide latitude' in sentencing matters and may consider any reliable information, from virtually any source, in deciding what sentence to impose." *Id*. (quoting *Wallace v. United States*, 936 A.2d 757, 780 (D.C. 2007)).

Because the Petitioner's new sentence was "within statutory limits," a reversal was possible only upon his showing that the sentence was "actually based on materially false or misleading evidence." *Id*. Here, the Petitioner does not claim that appellate counsel had any basis to make such an argument -- though arguably she tried but in her verbosity was misunderstood. Furthermore, the D.C. Court of Appeals found from the Superior Court's consideration of such favorable factors as "the time [the Petitioner] had already served, his progress while incarcerated, and his expression of remorse[,]" *id*., that the Superior Court had not abused its discretion in reducing the Petitioner's minimum prison sentence by 56 years. Even if appellate counsel performed deficiently, the Petitioner has not shown that the outcome of the appeal would have been different but for counsel's "misplaced" argument.

8

## CONCLUSION

For the foregoing reasons, the Court concludes that the Petitioner has not shown that he was deprived of the effective assistance of counsel on appeal of his resentencing order. Therefore, the application for a writ of habeas corpus is denied. A separate final Order accompanies this Memorandum Opinion.

      /s/   *Beryl A. Howell*
UNITED STATES DISTRICT JUDGE

DATE: May 10, 2012